IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Cameron Thomas,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>        Respondents. | No. CV-22-00345-PHX-DLR (JZB)<br><br>**ORDER** |

      Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge John Z. Boyle (Doc. 13) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and dismissed with prejudice and that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied. The Magistrate Judge advised the parties they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 13 at 7.) Petitioner filed objections on December 14, 2022 (Doc. 14) and Respondents responded on January 12, 2023 (Doc. 17).

      The Court has considered Petitioner's objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court finds the Magistrate Judge correctly determined the Petition is untimely because it was filed more than a year after Petitioner's judgment became final. The statute of limitations for filing a habeas petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") is one year.

The R&R found Petitioner's judgment became final on April 26, 2018, a determination Petitioner does not object to. The Petition was filed on March 3, 2022. The R&R correctly determined the Petition was untimely because the one-year statute of limitations expired on April 26, 2019.

Petitioner's general objection to "all determinations and all recommendations in report from Magistrate Judge" (Doc. 14 at 1) is not a proper objection under Federal Rule of Civil Procedure 72(b)(2). It is not specific and does not direct the Court to review any particular finding set out in the R&R. Because Petitioner's general objection is not reviewable, that objection is overruled.

Petitioner next argues extraordinary circumstances within the prison caused his untimeliness, justifying equitable tolling. Petitioner has the burden of proving his own diligence and the hardship that caused his lack of access to materials was an extraordinary circumstance that caused him to file his petition late. *Waldron-Ramsey-Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009). However, Petitioner admits it is impossible to "know exactly all the many various times of lock downs, library closers COVID sicknesses, paperwork lost or stolen in transcribed (*sic*) plus riot." (Doc. 14 at 1.) The Petition was filed nearly two years after the expiration of the statute of limitations. Petitioner's arguments, without factual support, do not show that extraordinary circumstances were responsible for a nearly two-year delay in filing or that he was diligent. Petitioner's objection to the R&R's findings based on a claim that his delay was caused by extraordinary circumstances within the prison is overruled.

Petitioner's next objection is another extraordinary circumstance contention, which he claims entitles him to equitable tolling. He claims that when he filed his Petition, he had a 13-year history of Parkinson's disease with dementia. Petitioner's mere assertions without proof of his medical condition and the effect the medical condition had on his ability to timely file his Petition are insufficient to show extraordinary circumstances. Petitioner has failed to meet his required burden of showing that he suffers from the alleged health disability and that the disability caused him to miss the filing deadline. Petitioner's

objection to the R&R's findings based on a claim that his delay was caused by the extraordinary circumstances of his Parkinson's diagnosis is overruled.

In his final objection, Petitioner reasserts the ineffective assistance of counsel claim raised in his Petition. That objection does not address the R&R because the R&R found the Petition was filed after the running of the statue of limitations. The R&R did not make a finding or a recommendation on the merits of that claim. It did not do so because Petitioner's claim of ineffective assistance of counsel claim is procedurally barred. The Court has no basis to review that procedurally barred claim. Petitioner's objection to the R&R's findings based on his reassertion of his ineffective assistance of counsel claim is overruled.

There is no basis for statutory or equitable tolling. The R&R correctly determined the Petition is untimely. Therefore,

**IT IS ORDERED** that Petitioner's Objections to the R&R (Doc. 14) are **OVERRULED**. The R&R (Doc.13) is **ACCEPTED**. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED** with prejudice. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) with prejudice and terminate this action.

Dated this 30th day of January, 2023.

Douglas L. Rayes
United States District Judge